UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| WESLEY WILSON and <br> CRYSTAL WILSON, his wife, <br><br> Plaintiff, <br><br> v. <br><br> BADLAND WINCHES, and HARBOR <br> FREIGHT TOOLS USA, INC., d/b/a <br> HARBOR FREIGHT TOOLS, a Delaware <br> corporation, <br><br> Defendants. | No. 2:22-cv-00455 |

### NOTICE OF REMOVAL

AND NOW, comes the Defendant Harbor Freight Tools USA, Inc., d/b/a Harbor Freight Tools (hereafter, "HFT")—by and through its counsel, Clem C. Trischler of Pietragallo Gordon Alfano Bosick & Raspanti, LLP—hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-styled action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. In support of removal, HFT states further:

**I.  BACKGROUND**

1.  Wesley Wilson and Crystal Wilson ("Plaintiffs") commenced this product-liability action by filing a Complaint, in the Circuit Court of Kanawha County, West Virginia, at No. 22-C-765. (*See generally* Ex. A, Complaint.)

2.  Plaintiff alleges that Wesley Wilson sustained "significant, substantial, serious and severe personal injuries" while using a Badland winch, item number 61297, which had been purchased from HFT (*see generally,* ¶¶ 7-8 of Ex. "A").

3. The Complaint purports to allege claims of negligence, breach of warranty, strict liability and failure to warn against HFT. (*Id.* ¶¶ 10-37). Further, Plaintiffs seek the recovery of both compensatory and punitive damages. (*see generally,* Ex. "A")

## II. JURISDICTIONAL BASIS FOR REMOVAL – COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. At the time of filing of this Complaint, Plaintiffs allege that Wesley Wilson and Crystal Wilson were "at all times at issue herein" residents and citizens of the State of West Virginia (*Id.* ¶ 1). The Complaint lists as Defendants Badland Winches and Harbor Freight Tools USA, Inc., d/b/a Harbor Freight Tools. (*Id.* ¶ 6). There is no corporate entity known as Badland Winches. Quite to the contrary, Badland is a trademark owned by HFT. It is not a legal entity.

5. Where removal is based on diversity jurisdiction, §1441 of the removal statute provides that "the citizenship of defendants sued under fictious names shall be disregarded." *Berry v. SeaWorld Parks and ENT, LLC,* 4:14 CB 152, 2015 WL 1119942 at *1 (E.D.Va. March 11, 2015). "28 U.S.C. §1441(b)(1) provides that [I]n determining whether a civil action is removable on the basis of jurisdiction under §1332(a) of the title, [diversity jurisdiction], the citizenship of defendant sued under fictious name shall be disregarded." *Karnes v. Outback Steakhouse of Florida, LLC* CV, 1:15-13441, 2016 WL 3661557 at *3 (S.D.W.Va. July 15, 2016).

6. As Badland Winches is not a legal entity, only the citizenship of Harbor Freight Tools USA, Inc. needs to be considered in determining whether diversity jurisdiction exists. In that regard, Plaintiffs' Complaint notes that HFT is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California. (*See* Ex. A ¶ 3).

7. Complete diversity of citizenship exists among the parties because Plaintiffs are citizens of the State of West Virginia and HFT is a citizen of the States of Delaware and California.

As none of the Defendants are citizens of the State of West Virginia, complete diversity exists, and removal is proper under 28 U.S.C §1332.

8. Further, HFT submits that the allegations in the Complaint suggest that the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

9. A removing party's burden in alleging the existence of federal jurisdiction "is no greater than as required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motor Chassis Inc.*, 519 F.3d 192, 2000 (4th Cir. 2008).

10. A Notice of Removal thus "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

11. Here, Plaintiffs are seeking compensatory and punitive damages, including damages for permanent physical injuries to his body, past and future physical pain and suffering, mental anguish, and diminished physical capacity; scaring and disfigurement; past and future expenses for medical and doctor care and treatment; and past and future lost enjoyment of life. (*See* Ex. A, ¶ 19). In addition, the Complaint seeks the recovery of punitive damages. *See Gordon v. National Business Consultants, Inc.,* 856 F.2d 186 (4th Cir. 1988) ("exemplary of punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement.").

12. Although HFT denies Plaintiffs are entitled to any damages whatsoever, it is submitted that the allegations of the Complaint make it clear and obvious that the amount in controversy requirement has been satisfied in this case.

13. This removal is proper because this Court has original subject matter jurisdiction over this action and there is complete diversity of citizenship among the parties and the matter in

controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

14. The Plaintiffs' Complaint was received by HFT on September 20, 2022, as confirmed in the service of process notice that is attached hereto as Ex. "B".

15. This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Complaint and is therefore timely under 28 U.S.C. § 1446(b)(3). Further, the removal is also timely under 28 U.S.C. § 1446(c)(1) because it is filed less than one year after commencement of the action.

16. Contemporaneously with the filing of this Notice of Removal, HFT will give written notice thereof to all adverse parties and will file a copy of this Notice with the Circuit Court of Kanawha County, West Virginia, as required under 28 U.S.C. § 1446(b).

17. Further, promptly upon removal, HFT will file its disclosure statement in accordance with Rule 7.1 of the Federal Rules of Civil Procedure.

18. Copies of all process, pleadings and orders served on HFT in the Circuit Court of Kanawha County, as well as the Circuit Court docket sheet are attached hereto as Exhibit "C", *See* 28 U.S.C. § 1446(a).

19. This action is properly removed to the United States District Court for the Southern District of West Virginia, Charleston Division because the case was originally filed in the Circuit for Kanawha County, West Virginia, which lies geographically within this judicial district and division. 28 U.S.C. §§ 129(b) 1441(a).

20. No previous application has been made for the relief requested in this removal. Thus, all procedural elements for removal have been satisfied.

### IV. RESERVATIONS

21. If any question arises as to the propriety of the removal of this action, HFT respectfully requests the opportunity to present a brief, evidence and oral argument in support of its position that this case is removable.

22. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion or relinquishment of HFT's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter including, but not limited to (1) lack of personal jurisdiction; (2) improper or inconvenient venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedy; and (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, or any state or federal statute.

### V. JURY DEMAND

HFT hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Harbor Freight Tools USA, Inc. hereby removes this civil action to the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated: October 17, 2022

Respectfully submitted,

PIETRAGALLO GORDON ALFANO BOSICK
& RASPANTI, LLP

By: *s/ Clem C. Trischler*
Clem C. Trischler (WV Bar No. 5267)
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
412-263-1816 Telephone
412-263-4246 Facsimile
cct@pietragallo.com

*Counsel for Harbor Freight Tools USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2022, I filed the foregoing document with the Clerk of Court for United States District Court for the Southern District of West Virginia and served the same on the following counsel of record via First Class U.S. Mail, postage prepaid.

Marvin W. Masters, Esq.
Clayton G. Anderson, Esq.
THE MASTERS LAW FIRM, LC
181 Summers Street
Charleston, WV 25301

And

Scott Windom, Esq.
WINDOM LAW OFFICES, PLLC
101 East Main Street
Harrisville, West Virginia 26362

*Attorneys for Plaintiffs*

    *s/ Clem C. Trischler*
Clem C. Trischler, Esq.

*Counsel for Defendant, Harbor Freight Tools USA, Inc., d/b/a Harbor Freight Tools*