# EXHIBIT A

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

WESLEY WILSON and
CRYSTAL WILSON, his wife,

Plaintiffs,

v.

Civil Action No. 22-C-765
Honorable Judge: Bailey

BADLAND WINCHES, and HARBOR FREIGHT
TOOLS USA, INC., d/b/a HARBOR FREIGHT
TOOLS, a Delaware corporation,

Defendants.

## COMPLAINT

COMES NOW the plaintiffs, Wesley Wilson and Crystal Wilson, and for their Complaint against the Defendants, allege and state as follows:

1. Plaintiffs Wesley and Crystal Wilson are, and at all times at issue herein were, residents of Cairo, Ritchie County, West Virginia.

2. Plaintiff Crystal Wilson has a Consortium Claim based on her losses and damages.

3. At all times relevant, Harbor Freight Tools was and is a corporation incorporated under the laws of the State of Delaware. Harbor Freight Tools' principal place of business is at 3491 Mission Oaks Boulevard, Camarillo, California 93011. Harbor Freight Tools is authorized and qualified to conduct business in West Virginia, including Kanawha County, West Virginia, and is engaged in the business of, among other things, designing, manufacturing, assembling, testing, providing with warnings, inspecting, marketing, distributing and selling Badland Winches, Item #61297, at issue herein. Neither its president nor chief officer resides in West Virginia. Therefore, venue is proper in Kanawha County, West Virginia.

4. At all times relevant, Defendants Badland Winches and/or Harbor Freight Tools USA, Inc. d/b/a Harbor Freight Tools (hereinafter "Harbor Freight") designed, manufactured, produced, assembled, supplied, sold, repaired, and/or distributed a winch known as Badland Winches, Item #61297.

5. Defendants Badland Winches and/or Harbor Freight Tools, including any successor and/or predecessor companies thereto, at all times relevant, engaged in the design, manufacture, production, assembly, testing, marketing, distribution, supply, sale, and/or repair of the Badland Winch, Item #61297, and placed said item for sale at Harbor Freight Tools, Store #00232, located at 2649 Grand Central Avenue, Vienna, West Virginia 26105.

6. Defendant Harbor Freight Tools, at all material times, was a supplier of the Badland Winch.

7. Plaintiff Wesley Wilson purchased a Badland Winch, Item #61297 from Defendant Harbor Freight Tools in Vienna, West Virginia.

8. On or about September 30, 2020, Plaintiff Wesley Wilson was operating the Badland Winch at his home located in Ritchie County, West Virginia, when it failed to operate correctly and/or as expected, causing significant, substantial, serious, and severe personal injuries to him, some of which are permanent in nature.

9. At all times relevant, Plaintiff Wesley Wilson was utilizing the Badland Winch in a proper manner and in a manner that was reasonably and foreseeably intended.

## COUNT I
## NEGLIGENCE

10. Plaintiff incorporates paragraphs 1 through 9 of the Complaint as if fully rewritten herein.

11. Defendants Badland Winches and/or Harbor Freight are engaged in the business of, among other things, designing, manufacturing, assembling, testing, providing with warnings, inspecting, marketing, distributing and/or selling Badland Winches, Item #61297, which, upon proper use by Plaintiff, malfunctioned and caused Plaintiff's finger to become permanently removed and/or disfigured.

12. Defendants Badland Winches and/or Harbor Freight designed, manufactured, assembled, tested, provided with warnings, inspected, marketed, distributed and/or sold the Badland Winch, Item #61297 and placed same into the stream of commerce in an unreasonably dangerous and defective condition which rendered it unsafe for its intended use.

13. The Badland Winch was defective in the following respects:

   a. Failure of the winch to properly shut off when remote is disengaged;

   b. The use of faulty wiring;

   c. Failure to warn the user of the potential dangers of the Badland Winch; and

   d. Other defects yet to be identified.

14. Defendants are liable to Plaintiffs as they were negligent in the sale of the Badland Winch and in failing to warn and/or otherwise instruct the purchasers and/or users of the machine's components concerning the hazards inherent in the design of the dangerous machinery comprising the Badland Winch as it relates to point of instruction, operation, maintenance, and repair.

15. The components of the Badland Winch, as manufactured by the manufacturing Defendants and as supplied by the supplier Defendants, were defective in manufacture and construction, were defective in design or formulation as described, were defective due to inadequate warnings and instruction, and were defective because they did not conform to representations made by the manufacturer.

16. The manufacturing Defendants and the supplier Defendants were negligent in the design, manufacture, production, assembly, testing, marketing, distribution, supply, sale, and repair of the Badland Winch.

17. The manufacturing Defendants and the supplier Defendants were negligent in failing to correct such defects which were known or with reasonable care should have been known to Defendants.

18. The manufacturing Defendants and the supplier Defendants were negligent in failing to warn and instruct the consumer, and in particular, Plaintiff Wesley Wilson, of the Badland Winch's characteristics and the foreseeable risks which were created hazards to its users during foreseeable use.

19. As a direct and proximate result of the defective condition of the Badland Winch, Defendants are strictly liable to the Plaintiff for the following injuries and damages:

   a. Temporary and permanent physical injuries to his body;
   b. Past and future physical pain and suffering, mental anguish, and diminished physical capacity;
   c. Scarring and disfigurement;
   d. Past and future expenses for medical and doctor care and treatment; and
   e. Past and future lost enjoyment of life.

20. The foregoing acts and conduct of Defendants Badland Winches and Harbor Freight entitle the Plaintiff to recover punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants Badland Winches and Harbor Freight, jointly and severally, for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount to be determined by a jury, the costs and

disbursements of this action, prejudgment and post-judgment interest, and any other further and general relief as the Court deems just and proper.

## COUNT II
## BREACH OF WARRANTIES

21. Plaintiffs incorporate paragraphs 1 through 20 of the Complaint as if fully rewritten herein.

22. The manufacturing Defendants, and supplier Defendants, made certain express and implied warranties of safety of the Badland Winch.

23. The manufacturing Defendants and supplier Defendants breached their express warranty in that the product proved to be unreasonably dangerous for its foreseeable use.

24. The manufacturing Defendants and supplier Defendants impliedly warranted the safety and fitness of the Badland Winch by designing, manufacturing, assembling, distributing, and selling the machine for foreseeable use, and that the components of the machine were of suitable quality for their intended use resulting in Plaintiff's injuries.

25. Plaintiffs relied upon said warranties.

26. Defendants did breach each and every one of the aforesaid warranties.

27. As a direct and proximate result of Defendants' breach of express and implied warranties, Plaintiff suffered the damages as set forth in paragraph 19.

28. The foregoing acts and conduct of Defendants Badland Winches and Harbor Freight entitle the Plaintiffs to recover punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants Badland Winches and Harbor Freight, jointly and severally, for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount to be determined by a jury, the costs and

disbursements of this action, prejudgment and post-judgment interest, and any other further and general relief as the Court deems just and proper.

## COUNT III
## STRICT LIABILITY

29. Plaintiffs incorporate paragraphs 1 through 28 of the Complaint as if fully rewritten herein.

30. At the time the Badland Winch left the control of Defendants, it was in a condition that was unsafe, unreasonably dangerous, and defective in that:

> a. It was manufactured in such a manner that it was defective and dangerous to the user thereof, and that said product was defective and dangerous at the time it was sold;
>
> b. It was manufactured with inadequate, insufficient, and improper warnings.

31. Defendants transferred and/or sold the Badland Winch to Plaintiff for use in substantially the same condition in which they possessed it.

32. As a direct and proximate result of one or more of the above-mentioned unsafe, unreasonably dangerous, and defective conditions of the Badland Winch, Defendants are strictly liable to Plaintiffs for the damages set forth above.

33. The foregoing acts and conduct of Defendants Badland Winches and Harbor Freight entitle the Plaintiffs to recover punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants Badland Winches and Harbor Freight, jointly and severally, for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount to be determined by a jury, the costs and disbursements of this action, prejudgment and post-judgment interest, and any other further and general relief as the Court deems just and proper.

## COUNT IV
## FAILURE TO WARN

34. Plaintiffs incorporate paragraphs 1 through 33 of the Complaint as if fully rewritten herein.

35. Defendants knew or should have known of the defective and unreasonably dangerous condition of the Badland Winch, Item #61297 and failed to warn the purchasers and users of the Badland Winch of its defective and unreasonably dangerous condition as described above.

36. As a proximate result of the negligent, careless or reckless failure to issue such warnings by Defendants, Plaintiff, Wesley Wilson, has suffered and will continue to suffer in the future those injuries and damages set forth above.

37. The foregoing acts and conduct of Defendants entitle the Plaintiff to recover punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, for both compensatory damages and punitive damages in amounts to be determined by a jury; pre-judgment and post judgment interest; attorney fees; the costs and disbursements of this action; a trial by jury; and for such other, further and general relief as the Court deems just and proper.

## COUNT V
## PUNITIVE DAMAGES

38. Plaintiffs incorporate paragraphs 1 through 37 of the Complaint as if fully rewritten herein.

39. Defendants knew that the Badland Winch was defective and unreasonably dangerous as identified herein, but despite this knowledge, the Defendants made the affirmative decision to place the Badland Winch into the stream of commerce, thereby recklessly, willfully,

7

wantonly, and intentionally exposing the consuming public, including Plaintiff, to those hazards in conscious disregard to the consequences.

40. The foregoing acts and conduct of Defendants Badland Winches and Harbor Freight entitle the Plaintiff to recover punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from the Defendants Badland Winches and Harbor Freight, jointly and severally, for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount to be determined by a jury, the costs and disbursements of this action, prejudgment and post-judgment interest, and any other further and general relief as the Court deems just and proper.

WESLEY WILSON and CRYSTAL WILSON,

By Counsel

Marvin W. Masters
West Virginia State Bar No. 2359
Clayton G. Anderson
West Virginia Bar No. 7315
The Masters Law Firm, lc
181 Summers Street
Charleston, West Virginia 25301
P (304) 342-3106/ F (304) 342-3189
*Counsel for Plaintiffs*
F:\4\364\p001.docx

And

Scott Windom w/p- h CGA # 7315
Scott Windom
West Virginia State Bar No. 7812
Windom Law Offices, PLLC
101 East Main Street
Harrisville, West Virginia 26362
P (304) 643-4440/ F (304) 643-2947
*Counsel for Plaintiffs*

8